IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jason Deangelo Brazzle, | ) | Case No.: 1:25-cv-11628-JD-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Richland County Detention Center, | ) | |
| Leonardo Brown, and Kennith | ) | |
| Sligh, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Shiva V. Hodges, issued under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). (DE 36.) The Report recommends denying as moot Defendant Kennith Sligh's Motion to Dismiss (DE 20) and granting the Motion to Dismiss filed by Defendants Richland County and Leonardo Brown (DE 21), dismissing Richland County and Brown from this action and allowing Plaintiff's claims against Sligh to proceed.[1] Plaintiff filed a response stating that he has no objection to that disposition. (DE 42.) No party filed a specific objection. For the reasons below, the Court adopts the Report as supplemented by this Order.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## A.    Background

Plaintiff Jason Deangelo Brazzle, proceeding *pro se,* filed this action under 42 U.S.C. § 1983 concerning conditions and medical care at the Alvin S. Glenn Detention Center. The amended complaint alleges that Plaintiff experienced unsafe and unsanitary conditions, inadequate access to showers, exposure to mold and mildew, physical injuries, infections, and inadequate medical treatment. (DE 11.) Plaintiff alleges that he informed County Administrator Leonardo Brown and Captain Kennith Sligh of his concerns and that they failed to correct them.

Sligh moved to dismiss based on insufficient service of process. (DE 20.) Richland County and Brown separately moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (DE 21.) After receiving notice under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff responded, and Defendants replied. (DE 22; DE 25; DE 27.) During the briefing, counsel waived service for Sligh and expressly withdrew the service defenses raised in his motion. (DE 33; DE 35.)

The Magistrate Judge then issued the Report. (DE 36.) The Report concluded that the amended complaint does not allege facts showing Brown's personal involvement in a constitutional deprivation and does not identify a Richland County policy or custom that caused Plaintiff's alleged injuries. It, therefore, recommends granting Richland County and Brown's motion. The Report also recommends denying Sligh's motion as moot because its service-based defenses were withdrawn. (DE 36.)

After the Report was mailed to an outdated address, the Clerk re-mailed it to Plaintiff's updated address, and the Court extended the objection deadline. (DE 38-

DE 41.) Plaintiff timely responded that he had "no objections" to dismissing Richland County and Brown while allowing his claims against Sligh to proceed. (DE 42.) Plaintiff later submitted materials styled as a supplement to the amended complaint, but the Magistrate Judge struck that filing and directed that it not be considered part of the amended complaint. (DE 46; DE 53.) Those materials, therefore, do not alter the record reviewed here.

## B.     Legal Standard

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## C.     Discussion

Plaintiff expressly states that he has no objection to dismissing Richland County and Brown while allowing his claims against Sligh to proceed. (DE 42.) Because Plaintiff raises no specific objection to the Report, the Court has reviewed the record for clear error and finds none.

Sligh's Motion to Dismiss raised only service-of-process defenses. After counsel waived service and withdrew those defenses, no live controversy remained concerning the motion. (DE 33; DE 35.) The motion is, therefore, moot.

The Court likewise finds no clear error in the recommended dismissal of Richland County and Brown. The amended complaint does not allege facts showing that Brown, through his own conduct, caused a constitutional deprivation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Nor does it identify a Richland County policy or custom that caused Plaintiff's alleged injuries, as required for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 691, 694 (1978). Plaintiff's generalized allegations that officials knew of conditions at the detention center, including his reference to a Department of Justice investigation, do not cure those pleading deficiencies. Accordingly, the Court adopts the Report's recommended disposition.

## D.     Conclusion

After reviewing the Report, Plaintiff's response, the applicable law, and the relevant docket, the Court finds no clear error in the recommended disposition.

Accordingly, the Court ADOPTS the Report and Recommendation (DE 36), as supplemented by this Order.

Defendant Kennith Sligh's Motion to Dismiss (DE 20) is DENIED AS MOOT. The Motion to Dismiss filed by Richland County and Leonardo Brown (DE 21) is GRANTED. All claims against Richland County and Leonardo Brown are DISMISSED, and the Clerk is directed to terminate them as defendants. This action shall proceed against Kennith Sligh and remains referred to the assigned Magistrate Judge for pretrial proceedings.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 5, 2026

**NOTICE OF RIGHT TO APPEAL**

A party seeking to appeal must file a notice of appeal with the Clerk of Court within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).